# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID SCHLAACK,

      Appellant,

v.

JOHN HARLAND BAGLEY and
KELLY LYNN BAGLEY,

      Appellees.

Case No. 14-CV-746-JPS

ORDER

  The appellant, David Schlaack "(Schlaack)", appealed the decision of Judge Susan Kelley in the United States Bankruptcy Court for the Eastern District of Wisconsin that dismissed his complaint against the appellees, John Harland Bagley and Kelly Lynn Bagley ("Bagley"). On August 1, 2014, the Court issued an Order directing Schlaack to file a brief within fourteen days to explain his failure to comply with Bankruptcy Rule 8009. (Docket #4). The Court notified Schlaack that the failure to timely respond would result in the dismissal of the appeal without further notice. (Docket #4 at 2). On August 15, 2014, Schlaack filed a Response (Docket #5) and a Motion for Extension of Time. (Docket #6). On August 21, 2014, Bagley filed a Brief in Opposition to the extension of time. (Docket #8). On January 5, 2015, Schlaack filed a Brief (Docket #9) and a Second Motion for an Extension of Time. (Docket #10). As discussed below, the Court finds that Schlaack fails to establish good cause for the failure to timely file a brief, and thus, the Court will dismiss the appeal. Moreover, if the Court were to have granted the motions for an extension of time, the Court finds that it would have affirmed the decision of the bankruptcy court.

1. EXTENSION OF TIME

Bankruptcy Rule 8009 requires an appellant to serve and file his or her brief within fourteen days after entry of appeal on the docket. Schlaack did not comply with Bankruptcy Rule 8009. (*See* Docket #4). Bankruptcy Rule 9006(b)(1) provides that the Court may enlarge the time within which an act must be performed: (1) either before the expiration of the original period in its discretion and for cause shown; or (2) after expiration of the period, upon a showing of excusable neglect. Here, Schlaack filed the Motion for Extension of Time (Docket #6) well after the expiration of the filing deadline. Thus, the issue before the Court is whether Schlaack meets the standard for excusable neglect.

The determination of "excusable neglect" is "an equitable one, taking account all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In evaluating whether excusable neglect exists, the Court holds a party responsible for the acts or omissions of its attorneys, and considers "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395–97. Recently, the Seventh Circuit in *United States v. Cates,* 716 F.3d 445 (7th Cir. 2013), determined that the most heavily weighted factor by the district court was the stated reason for the delay in requesting the extension. *Id.* at 448. The *Cates* court noted that "neglect due to a busy schedule is generally not excuseable." *Id.* at 449 (citing *Harrington v. City of Chi.,* 433 F.3d 542 (7th Cir. 2006). Excusable neglect requires something more than a simple failure to meet a deadline due to a busy schedule. *Cates,* 716 F.3d at 449.

Analyzing this matter under those criteria, the Court determines that excusable neglect does not exist in this instance; specifically, the Court notes that the length of the delay and the reason for the delay weigh heavily in the Court's conclusion. As to danger of prejudice to the non-moving party, the Court finds this factor to slightly weigh in favor against a finding of excusable neglect. Further delay and the requirement of further unanticipated briefing are inevitable if the Court were to grant Schlaack's motion. Those matters constitute prejudice to the non-moving party.

As to the length of delay, the brief was due on July 10, 2014. *See* Bankruptcy Rule 8009. No steps were taken to even address this deficiency until the Court's Order three weeks later. (*See* Docket #4). Schlaack's brief was finally filed on January 5, 2015, nearly six months after the original filing deadline. (*See* Docket #9). The Court finds this significant delay to weigh in favor of finding no excusable neglect.

Additionally, the Court finds that Schlaack's reasons for the delay are not excusable. Schlaack provides the delay was an "honest error" and due to counsel's "unfamiliarity with the court." (Docket #5 at 3). Schlaack's counsel "missed the email notice of the clerk's briefing letter which would have told appellant counsel the correct time for filing appellant brief." (Docket #5 at 1). In explaining the missed deadline, counsel notes "[i]t was a very busy time" and references his vacation during that time period along with an "unusually time consuming" caseload. (*See* Docket 5 at 2). Additionally, counsel notes he "was not sure exactly" when the brief was due. (Docket #5 at 2). As stated above, neglect due to a busy schedule is generally not excusable, *Cates,* 716

F.3d at 448, nor is neglect due to unfamiliarity with the rules of the court.[1] Accordingly, the Court finds this factor to weigh heavily against a finding of excusable neglect.

Finally, although the Court has no reason to believe that counsel's actions were not in good faith and perhaps nothing more than an honest mistake, this factor alone does not overcome the other factors that weigh against a finding of excusable neglect. *See id.* at 450 (finding no excusable neglect even upon a finding of good faith). For these reasons, the Court finds this is not a case of excusable neglect and will, therefore, deny the motions for an extension of time. (Docket #6, #10). As such, the Court will dismiss this action for failure to comply with Bankruptcy Rule 8009.[2] Morever, as discussed in detail below, even if the Court were to grant the extension of time, the Court notes that it would have affirmed the decision of Judge Kelley.

2. SCHLAACK'S APPEAL

On January 5, 2015, Schlaack filed his brief which presents five issues on appeal: (1) whether the trial court abused its discretion in refusing to allow plaintiff's witness testimony because the court considered it hearsay; (2) whether the trial court erroneously interpreted the *Bullock* state of mind standard for defalcation; (3) whether the trial court misapplied the *Bullock* law to the facts of the plaintiff's case in its finding of facts and conclusions of

---

[1] To be sure, a minuscule amount of legal research could easily have remedied counsel's unfamiliarity with the court's procedures.

[2] The Court recognizes Schlaack's argument that dismissal is a severe sanction and disfavored under *Mattter of Scheri,* 51 F.3d 71 (7th Cir. 1995). However, given the fact that no excusable neglect exists, the Court finds dismissal appropriate in this case.

law; (4) whether the trial court erred in determining the quantum of evidence necessary for a creditor plaintiff to establish a prima facie case; and (5) whether the trial court erred in granting the motion to dismiss at the end of plaintiff's prima facie case. The Court will first address the factual background of the case and then in turn address each of Schlaack's arguments.

### 2.1 Factual Background[3]

Bagley filed for bankruptcy on August 9, 2013, and included Schlaack as a creditor to be discharged. On November 26, 2013, a general discharge of creditors was granted. On November 15, 2014, Schlaack filed for an adversary proceeding. The complaint alleged that Bagley committed defalcation in a fiduciary capacity for failing to use money Schaack paid him for a remodeling project to pay for materials or subcontractors.

On May 1, 2014, the parties appeared before Bankruptcy Judge Susan Kelley for trial. The trial consisted of the plaintiff calling two witnesses, defense counsel's cross-examination, and a few exhibits placed in the record by each counsel.

Schlaack offered the testimony of police officer Kathryn Budda, who investigated the complaint against Bagley for theft by contractor. Officer Budda concluded that Bagley did not properly account for funds paid to him by Schlaack, and referred Bagley for charges by the Waukesha County District Attorney. Although she testified that $40,000 was paid to Bagley for the remodeling project, on cross-examination she admitted that a $25,000

---

[3]The following factual summary is taken from the bankruptcy court's findings and the trial record, when viewed in a light most favorable to appellee as the party who prevailed below.

check that she produced was the only check that Schlaack gave to Bagley. She stated that another dentist paid the other $15,000. She testified that Bagley was convicted of theft by contractor by the Circuit Court for Waukesha County.

Schlaack testified that he had a $65,400 contract with Bagley to remodel his dental office, and that he paid him $25,000 at the time the contract was signed. The first weekend in February 2010, Bagley and a helper came to the worksite with a stockpile of materials that apparently were selected by Schlaack's subtenant, Dr. Bubon. Schlaack had not approved the materials and rejected them, as they were a colonial style and the existing woodwork was a "fluted" style. Schlaack testified the materials were not consistent with the contract, but admitted on cross-examination that the contract does not specify the style of materials or call for his pre-approval of the materials. Bagley ordered new materials, but Schlaack rejected those as well. Finally, Schlaack approved the third set of materials. At some point, Bagley left the job without completing it.

Schlaack testified that Bagley admitted at a hearing that he mishandled some money. Although his attorney suggested that Bagley admitted to mishandling $18,000, Schlaack testified that he did not know a dollar amount. He later testified that he knew Bagley spent only $5,000 of the funds on the job. Schlaack did not dispute that Bagley's conviction for theft by contractor was a result of Bagley pleading no contest.

At the end of Schlaack's case, Bagley made a motion to dismiss the complaint, contending that the plaintiff had not proven the elements of defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4). Specifically, Bagley claimed that Schlaack did not prove that Bagley acted with willful, knowing and reckless intent. Bagley cited *Mrozek v. Intra Fin.*

*Corp.*, 2005 WI 73, 281 Wis. 2d 448 (2005), which held that a guilty plea or plea of no contest does not fulfill the "actually litigated" requirement for issue preclusion. There was no dispute that Bagley's conviction and the state court's Decision and Order were based on Bagley's plea of no contest.

As such, the trial court found that since Wisconsin law does not give preclusive effect to such a plea, Schlaack could not rely on the findings in the Decision and Order to establish that Bagley's conduct constituted defalcation. The trial court further found that Schlaack's testimony did not prove that Bagley acted with "a mental state embracing intent to deceive, manipulate, or defraud," the heightened standard required by the recent Supreme Court in *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1757 (2013). Accordingly, the trial court found that Schlaack failed to carry his burden of proof and dismissed the complaint. Schlaack appealed the ruling, and the matter is now before the Court.

### 2.2 Standard of Review

Factual findings are reviewed under a clearly erroneous standard, and conclusions of law are reviewed de novo. *See, e.g.*, Fed. R. Bankr. P. 8013; *In re Newman*, 903 F.2d 1150, 1152 (7th Cir.1990). The Seventh Circuit has explicitly held "that a bankruptcy court's determination of dischargeability is subject to a clearly erroneous standard of review." *In re Bonnett*, 895 F.2d 1155, 1157 (7th Cir.1989); *see also In re DeLong*, 323 B.R. 239, 246 (W.D. Wis. 2005) (reviewing bankruptcy court's determination of dischargeability for clear error). Under this standard, an appellate court should not overturn the bankruptcy court simply because the appellate court may have decided the case differently. *In re Morris*, 223 F.3d 548, 553 (7th Cir. 2000). Rather, a finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)).

2.3    Analysis

2.3.1    "Refusing to Allow Plaintiff Witness Testimony"

The Court finds no abuse of discretion in relation to Schlaack's witness testimony. Schlaack argues that he had "important and substantial evidence squelched" because the trial judge abused her discretion in disallowing hearsay testimony. (Docket #9 at 14). In support, Schlaack cites portions of the record from the police officer's testimony and argues that the court failed to give proper value to his evidence.

First, the Court notes that Schlaack's record excerpts are taken out of context and are misleading. True, the trial court did initially sustain a hearsay objection regarding Bagley accounting for the money given to him by Schlaack. (Docket #1-1 at 14). However, Schlaack fails to cite Judge Kelley's ultimate ruling on the issue, "Well, if your client made an admission against interest to her though, it's not hearsay." (Docket #1-1 at 17). Further, Schlaack fails to state what, if any, "important and substantial evidence" was disallowed as a result of Judge Kelley's rulings. Thus, Schlaack fails to establish an abuse of discretion in this instance.

2.3.2    *Bullock* State of Mind Requirement

The Court finds that the trial court did not erroneously interpret the *Bullock* state of mind requirement for defalcation. In 2013, the Supreme Court held that defalcation "requires an intentional wrong" and further explained:

> We include as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent. Thus, we include reckless conduct of the kind set forth in the Model

> Penal Code. Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary "consciously disregards" (or is willfully blind to) "a substantial and unjustifiable risk" that his conduct will turn out to violate a fiduciary duty. That risk "must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation."

*Bullock ,* 133 S. Ct. at 1759–60.

During the proceeding, Judge Kelley specifically referenced the *Bullock* standard, stating: "*Bullock,* B-U-L-L-O-C-K. And they– they've ruled that it's a criminal standard. It's a criminal mens rea that's required." (Docket #1-1 at 68). Further, Judge Kelley's Decision and Order Dismissing the Complaint (Docket #3 at 15) quotes the language from *Bullock* that, in order to prove defalcation, Schlaack needed to "prove [Bagley's] wrongful intent, a culpable state of mind 'involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior.'" (Docket #3 at 18) (quoting *Bullock,* 133 S. Ct. at 1757).

Schlaack argues that "[b]ankruptcy law is not criminal law" and that the "reckless use of another's property with the wrongful state of mind *Bullock* contemplates, is still less than the intentional theft scienter…in criminal law." (Docket #9 at 18). Schlaack clearly ignores the *Bullock* language that suggests a criminal state of mind: "We include reckless conduct of the kind that the criminal law often treats as the equivalent. Thus, we include reckless conduct of the kind set forth in the Model Penal Code." *Bullock,* 133 S. Ct. At 1759. As such, the Court finds that Judge Kelley did not erroneously interpret the legal standard required for defalcation.

### 2.3.3 Application of Law to the Facts and Dismissal of Schlaack's Complaint

Schlaack's jumbled final arguments[4] essentially boil down to this: Did Judge Kelley err in finding that Schlaack failed to carry his burden of proof to establish a prima facie case of defalcation. The Court finds that she did not.

The primary benefit of a Chapter 7 proceeding is to discharge debts in order to give debtors a fresh start. *In re O'Hearn,* 339 F.3d 559, 564 (7th Cir. 2003). "Congress nevertheless has decided that various considerations of public policy require that certain debts be excluded from the general principle of discharge." *Id.* One such provision excepts from discharge "any debt…for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). The party seeking to establish an exception to discharge bears the burden of proof. *Goldberg Secs., Inc. v. Scarlatta,* 979 F.2d 521 524 (7th Cir. 1992).

To establish nondischargeability of a debt under § 523(a)(4), a plaintiff must bring an adversary proceeding and establish that: (1) a trust existed; (2) the debtor was a fiduciary of the trust; and (3) the debtor committed fraud or defalcation while acting as fiduciary. *In re Polus,* 455 B.R. 705, 708 (Bankr. W.D. Wis. 2011). The sole issue on appeal is whether the bankruptcy court correctly determined that Schlaack failed to prove defalcation.

---

[4] Schlaack makes three separate arguments related to this topic: (1) the trial court misapplied the *Bullock* law to the facts of the plaintiff's case in its finding of facts and conclusions of law; (2) the trial court erred in determining the quantum of evidence necessary for a creditor plaintiff to establish a prima facie case; and (3) whether the trial court erred in granting the motion to dismiss at the end of plaintiff's prima facie case. The Court finds all these arguments to be essentially the same rehashed arguments and, as such, the Court will succinctly address them together.

At the close of Schlaack's case at trial, Bagley moved for dismissal because Schlaack failed to prove Bagley acted with willful, knowing and reckless intent. (Docket #1-1 at 63). In response, Schlaack relied on the Decision and Order in a Waukesha County criminal case to give collateral estoppel effect to the findings of the state court. The trial court found that Schlaack could not rely on the findings in the Decision and Order because Wisconsin law does not give preclusive effect to a plea of no contest, citing *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, 281 Wis. 2d 448 (2005).[5] In ruling on the motion to dismiss, Judge Kelley found the following:

> The Plaintiff established that the parties entered into a contract for a remodeling job, and the job was marred from the beginning by misunderstandings concerning the materials. The Debtor eventually abandoned the job, and the Plaintiff called the police. Officer Budda's investigation led her to believe that the Debtor had mishandled the money paid by the Plaintiff. However, her testimony did not provide proof of the Debtor's wrongful intent. For example, she stated that the Debtor admitted that he could not account for all of the money. She did not testify that the Debtor knew about the theft by contractor statute or his fiduciary obligations under that statute. A failure to account could result from mere negligence, not necessarily an intentional act. The Debtor pled no contest and was convicted of theft by contractor. As the Wisconsin Supreme Court noted in Mrozek, there can be many reasons for entering into such a plea that do not necessarily constitute an admission of wrongdoing.
> 
> .
> 
> The Plaintiff's testimony likewise did not prove that the Debtor acted with "a mental state embracing intent to deceive, manipulate, or defraud," the heightened standard required by *Bullock*. (citation omitted) Instead, the picture painted was of a remodeling job where the Plaintiff, the Debtor and Dr. Bubon were not on the same page regarding the materials and change

---

[5]Schlaack does not contest this finding on appeal.

> orders. While the Plaintiff made an ample showing that the Debtor breached the contract, there was little if any evidence that the Debtor's conduct constituted defalcation as defined by Bullock. Without such proof, the Plaintiff failed to carry his burden of proof.

(Docket #3 at 18-19).

Upon review of the record, the Court finds that Judge Kelley's findings of fact and dismissal of the complaint were not clearly erroneous. Schlaack argues that the trial court unfairly evaluated his prima facie case by ignoring the fact that: (1) the defendant paid himself first; (2) the court applied the wrong standard from *Bullock*;[6] (3) the trial court found nothing significant that a contractor, asked by police to account for a $35,000.00 down-payment could not, nor that the debtor had no defense to a criminal judge about how he paid himself but not the material suppliers; and (4) Bagley did not show up for a sixty day job until the thirty-fifth day. (Docket #9 at 25-26). The Court, however, agrees with Judge Kelley and finds that, while there is ample evidence of breach of contract, Schlaack's evidence does not prove defalcation under the high standard defined in *Bullock*. Accordingly, the Court determines that Judge Kelley's opinion on the issue was not clearly erroneous. Thus, her decision would have been affirmed were the Court to have granted the motions for an extension of time to file a brief.

3.  CONCLUSION

The Court finds that Schlaack fails to establish excusable neglect and will, therefore, deny the motions for an extension of time. As such, the Court will dismiss this action for failure to timely file a brief.

---

[6]The Court has already rejected this argument in detail above and therefore need not revisit it.

Accordingly,

IT IS ORDERED that Schlaack's Motions for Extensions of Time (Docket #6, #10) be and the same are hereby DENIED; and

IT IS FURTHER ORDERED that this appeal be and the same is hereby DISMISSED.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge